

**U.S. Department of Justice**

United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St N W
Washington, D C 20001

November 24, 2008

**VIA FACSIMILE AND FIRST CLASS MAIL**
Adam Hoffinger, Esq.
Morrison and Foerster
2000 Pennsylvania Ave., N.W.
Washington, D.C. 20006

**FILED**

DEC 0 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re:   Mark Thomas Rossini

Dear Mr. Hoffinger:

This letter sets forth the full and complete plea offer to your client, Mr. Mark Thomas Rossini (hereinafter also referred to as "Mr. Rossini" or "your client"), from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on November 25, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**A.     Charges and Statutory Penalties**

Mr. Rossini agrees to plead guilty to the attached five-count criminal Information charging five violations of Title 18, United States Code, Section 1030(a)(2)(B) (**Criminal Computer Access**). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Rossini and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Rossini agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Rossini's actions. It is anticipated that during the Rule 11 plea hearing, Mr. Rossini will adopt and sign the Statement of the Offense as a written proffer of evidence

Your client understands that the maximum sentence that can be imposed for **each** charge

of Criminal Computer Access is one year imprisonment, a fine of $100,000 (Class A Misdemeanor), or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $25 special assessment, a 1-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### B.     Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### C.     Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2008 (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### 1.     Offense Level under the Guidelines

Your client understands that the sentences in this case for Criminal Computer Access, Theft of Government Records, and Release of Confidential Information will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2008) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

### a.     Applicable Guidelines

The following Guideline Sections apply to this case:

**§2B1.1**
(a) Base Offense Level                                            6
(b) Specific Offense Characteristics
    (1) Intended loss more of < $5,000                +0

2

|  |  |
|---|---|
| (14)(A)(i)(I) Critical computer | +2 |
| **§3B1.3** | |
| Abuse of a position of trust | +2 |
| **TOTAL** | **10** |

**Acceptance of Responsibility: 2-point reduction:** Provided that your client clearly demonstrates acceptance of responsibility (which includes: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court), to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

In accordance with the above, the applicable **Guidelines Offense Level for the charges is 8.**

2.   **Criminal History Category**

Based upon the information now available to this Office (including representations by the defense), **your client has no criminal history.**

In accordance with the above, we believe at this time that your client's **Criminal History Category is I.**

3.   **Applicable Guideline Range**

Based upon the calculations set forth above, your client's stipulated **Sentencing Guidelines range is 0 to 6 months (the "Stipulated Guidelines Range"). In addition, the parties agree should the Court impose a fine, at Guidelines level 8, the applicable fine range is $1,000 to $10,000.**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. The parties further agree that Sentencing Guideline § 3D1.2(b) is applicable as it relates to the grouping of the defendant's multiple offenses.

**D.     Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a).

Notwithstanding the above, the Government promises, at the time of sentencing, to ask that your Client receive a sentence of probation (with conditions as described below) if your client (1) satisfies all provisions of this plea agreement (including refraining from any criminal or obstructionist activity while awaiting sentencing); **AND** (2) meets with Government investigators, prior to sentencing, without preconditions or immunity protection, and provides truthful, complete and full information on any topic raised at that, or any subsequent meetings ("Debriefings").  Your client understands and fully agrees that the decision whether he has provided full, complete and truthful information during his Debriefings is within the sole discretion of the United States Attorney's Office for the District of Columbia.  Should your client meet these conditions, your Client understands that the Government will allocute that your client receive a sentence of probation that will include (but not be limited to) the following special conditions of probation:

(1) Your client shall not seek employment with the Federal Government or any state, federal, or local law enforcement entity while on probation;
(2) Your client agrees to perform 250 hours of community service before the end of his probationary term;
(3) Your client will subject himself to drug and alcohol testing while on probation;
(4) Your client shall not contact personnel at the Federal Bureau of Investigation for the purpose of seeking any (a) classified, (b) non-public, (c) case-specific, or (d) law enforcement sensitive information while on probation, unless he receives advance written approval from an attorney at the Federal Bureau of Investigation's General Counsel's Office;
(5) Your client will consent to any future interviews requested by the Government as it relates to the subject matter of the attached factual proffer; and
(6) Your client agrees to provide up to date employment information to the Government, and specify what access he has to classified, secret, or confidential information (electronic or otherwise) as a result of his employment, while on probation; and
(7) Your client agrees to abide by all regulatory, statutory, and contractual obligations related to his employment at the Federal Bureau of Investigation, including those obligations relating to the use and disclosure of classified and sensitive law enforcement information.

Your client agrees that each of these seven special conditions of probation is reasonable, and also agrees to abide by each of these conditions if the Court imposes a sentence of probation.

Should your client fail to provide full, complete, and truthful information during his debriefings, as determined solely and exclusively by the United States Attorney's Office for the District of Columbia, your client understands and agrees that the Government shall be free to ask the Court to sentence your client to any lawful sentence, without restriction.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

The United States reserves its full right of allocution for purposes of any post-sentencing proceedings in this matter, including the right to set forth at any probation revocation hearing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Rossini's criminal activities. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

### E.     Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### F.     Agreement to Voluntarily Resign from the Federal Bureau of Investigation

The parties further agree as consideration of this plea, your client will voluntarily resign his employment from the Federal Bureau of Investigation by November 28, 2008 .

### G.     Appeal Waiver

Your client is aware that federal law, specifically 18 U.S.C. §3742, affords your client the right to appeal his sentence. Your client is aware that the Government's factual stipulations and predictions about the calculation of the sentencing guidelines are not binding on the sentencing judge. Knowing that, your client waives the right to appeal his sentence or the manner in which

it was determined pursuant to 18 U.S.C. §3742, except to the extent that (a) the Court sentences your client to a period of imprisonment longer than the statutory maximum, or (b) the Court departs upward from the applicable Sentencing Guideline range pursuant to the provisions of U.S.S.G. §5K.2 or based on a consideration of the sentencing factors set forth in 18 U.S.C. §3553(a). Further, your client reserves the right to make a collateral attack upon your client's sentence pursuant to 28 U.S.C. §2255, if new and currently unavailable information becomes known to him. In agreeing to this waiver, your client is aware that your client's sentence has yet to be determined by the Court. Realizing the uncertainty in estimating what sentence the Court ultimately will impose, your client knowingly and willingly waives your client's right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the Government in this Agreement.

## H.   Release/Detention

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

## I.   Breach of Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### J.  Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### K.  Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### L.  Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal

Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor /SJT*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *[signature]*

Tejpal S. Chawla
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Adam Hoffinger, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 12/08/08

Mark ~~Anthony~~ Rossini
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

    I have read each of the eight pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 12/08/08

_____
Adam Hoffinger, Esquire
Attorney for the Defendant